UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) | CASE NO.  5:10CV1235 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | **ORDER** |
| GREGORY GESWEIN, et al., | ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #36), recommending the Motion (ECF DKT #15) of Defendant Sandra Miller to Dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) be granted in part and denied in part.  After due consideration, the Court adopts the Report and Recommendation in part, rejects it in part, and modifies it in part.  A full opinion will issue at a later date.

On June 29, 2010, Plaintiff, United States Securities and Exchange Commission ("SEC"), filed an Amended Complaint ("Complaint") against Defendants, Gregory Geswein, Kevin Krakora, and Sandra Miller ("Miller").  Miller is a certified public accountant and

served as Director of Corporate Accounting for Diebold Incorporated ("Diebold") from 2002 to 2006.  The Complaint, comprised of eight claims and 111 paragraphs of facts, generally alleges that Defendants used improper and, in many instances, fraudulent accounting practices during the period of 2002 to 2007, which significantly inflated Diebold's reported earnings as set forth in periodic securities filings and in information disseminated to investors and the public.  All but the fourth, fifth and eighth counts are asserted against Miller.

The first count alleges violations of the Securities Act, Section 17(a), 15 U.S.C § 77q(a).  The second count alleges violations of the Exchange Act, Section 10b [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].  The third count alleges violations of the Exchange Act, Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. §§ 240.13b2-1].  The sixth count alleges Miller aided and abetted Diebold's violations of the Exchange Act, Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13].  Finally, the seventh count alleges Miller aided and abetted Diebold's violations of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)].

The SEC seeks an order permanently enjoining Miller from violating the alleged securities laws; requiring Miller to disgorge ill-gotten gains, with prejudgment interest, including, but not limited to, salaries, bonuses and other benefits wrongfully obtained as a result of fraudulent conduct; and imposing civil monetary penalties against Miller pursuant to Securities Act, Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act, Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].

Miller filed her Motion to Dismiss the Complaint for failure to state a claim under

Rule 12(b)(6), and for failure to plead the circumstances constituting fraud with particularity. Miller argues the Complaint is barred as untimely by the applicable statute of limitations, 28 U.S.C. § 2642:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or property is found within the United States in order that proper service may be made thereon.

Further, Miller asserts the SEC failed to sufficiently allege the "occurrence of a securities transaction;" the allegations are not based on securities violations, but simply violations of Generally Accepted Accounting Principles ("GAAP"); and the SEC failed to adequately plead its fraud claims, particularly as to scienter.

Miller's Motion, and those of Geswein and Krakora, were fully briefed and referred to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued a separate Report and Recommendation on Miller's Motion to Dismiss on August 2, 2011. On September 2, 2011, Miller and the SEC filed their Objections, with leave of Court; and the respective Responses were filed on September 19, 2011. Miller and the SEC also briefed the impact of the recent United States Supreme Court decision in *Janus Capital Group, Inc. v. First Derivative Traders*, __ U.S. __, 131 S.Ct. 2296 (2011). In that regard, the SEC concedes it has failed to state a claim in the second count of the Complaint against Miller under Section 10(b) and Rule 10b-5b, as she was not the "maker" of the allegedly false financial statements of Diebold.

Upon consideration of the Report and Recommendation, the Objections and the

Responses, the Court rules as follows:

The Court agrees with the Magistrate Judge's conclusion that Miller's Motion to Dismiss is granted in part and denied in part as to the first and second counts.  However, the Court disagrees that any claims for civil penalties against Miller, based on conduct occurring prior to May 2, 2004, are not actionable as time-barred under 28 U.S.C. § 2462.  Equitable tolling, encompassing  the discovery rule, the fraudulent concealment doctrine and the continuing violations doctrine, operates, in favor of the SEC, to extend the limitations period.  Where there are unresolved issues of fact concerning application of equitable tolling, it would be premature to dismiss.  Regardless of equitable tolling, to the extent that the SEC seeks to enjoin Miller from violating or aiding and abetting the violation of securities laws, or an order directing her to disgorge profits to remedy an alleged past wrong and protect the public from future harm, Section 2462 does not apply.

Further, as conceded by the SEC, any conduct alleged against Miller pursuant to Section 10(b) and Rule 10b-5b are dismissed; but allegations regarding conduct prohibited under Rule 10b-5a,10b-5c, and Section 17(a) survive.  *Janus, supra*.

The Court agrees with the finding that the failure to follow GAAP is, by itself, insufficient to state a securities fraud claim.  However, the Complaint is not dismissed on the basis that the SEC does not identify specific provisions of GAAP which were allegedly violated.

The third, sixth, and seventh counts against Miller are dismissed because the allegations do not meet the elements of these claims and are not stated with the requisite particularity.

Because the SEC shall be permitted to conduct relevant discovery to show a reasonable and substantial likelihood that Miller will engage in future securities violations, the Motion to Dismiss is denied with regard to the remedies of injunctive relief and/or disgorgement.

The Court rules that the dismissal of any claims, counts or remedies are without prejudice.

A full Opinion and Order will issue at a later date.

**IT IS SO ORDERED.**

**DATE: September 29, 2011**

           <u>s/Christopher A. Boyko</u>
           **CHRISTOPHER A. BOYKO**
           **United States District Judge**