# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) | CASE NO.   5:10CV1235 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | **ORDER** |
| GREGORY GESWEIN, et al., | ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #38), recommending the Motion (ECF DKT #16) of Defendant Kevin Krakora ("Krakora") and the Motion (ECF DKT #17) of Defendant Gregory Geswein ("Geswein") to Dismiss the Amended Complaint be granted in part and denied in part.  Also before the Court is the Motion (ECF DKT #44) of both Defendants for Reconsideration of the August 5, 2011 Report and Recommendation.  After due consideration, the Court adopts the Report and Recommendation in part and rejects it in part.  Furthermore, the Motion for Reconsideration is denied.  A full opinion will issue at a later date.

On June 29, 2011, Plaintiff, United States Securities and Exchange Commission ("SEC"), filed an Amended Complaint ("Complaint") against Defendants Geswein, Krakora and Sandra Miller ("Miller").  Geswein was the Chief Financial Officer ("CFO") of Diebold, Incorporated ("Diebold") from 2000 to 2005, and its principal accounting officer from 2000 to 2002.  Krakora was Diebold's Controller from 2001 through 2005, and the company's CFO from 2005 through April 2009.  Krakora was Diebold's principal accounting officer from

2003 to 2006.  When Krakora was Controller, he reported directly to Geswein.  Krakora stepped down as CFO in 2009, but remains an employee of Diebold.  The Complaint, comprised of eight claims and 111 paragraphs of facts, generally alleges that Defendants used improper and, in many instances, fraudulent accounting practices during the period of 2002 to 2007, which significantly inflated Diebold's reported earnings as set forth in periodic securities filings and in information disseminated to investors and the public.

The first count alleges violations of the Securities Act, Section 17(a), 15 U.S.C § 77q(a).  The second count alleges violations of the Exchange Act, Section 10b [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].  The third count alleges violations of the Exchange Act, Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. §§ 240.13b2-1].  The fourth count alleges violations of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2].  The fifth count alleges violations of Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].  The sixth count alleges Defendants aided and abetted Diebold's violations of the Exchange Act, Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13].  The seventh count alleges Defendants aided and abetted Diebold's violations of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)].  Lastly, the eighth count alleges Geswein and Krakora failed to reimburse Diebold for certain bonuses and  compensation per Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243].

The SEC seeks an order permanently enjoining Geswein and Krakora from violating the alleged securities laws; requiring Geswein and Krakora to disgorge ill-gotten gains, with prejudgment interest, including, but not limited to, salaries, bonuses and other benefits

wrongfully obtained as a result of fraudulent conduct; imposing civil monetary penalties against Geswein and Krakora pursuant to Securities Act, Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act, Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; prohibiting Geswein and Krakora from acting as an officer or director of any issuer that has a class of securities registered pursuant to Exchange Act, Section 12 [15U.S.C. § 78l], or that is required to file reports pursuant to Exchange Act, Section 15(d) [15 U.S.C. § 78o(d)]; and ordering Geswein and Krakora to reimburse Diebold for bonuses and other incentive-based and equity-based compensation received, pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243].

Geswein and Krakora filed their Motions to Dismiss the Complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Geswein also moved for dismissal for failure to comply with Fed.R.Civ.P. 9(b), regarding pleading circumstances constituting fraud with particularity.  Geswein and Krakora further contend that any conduct occurring prior to June 2, 2004, is not actionable as time-barred under the applicable statute of limitations, 28 U.S.C. § 2642:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or property is found within the United States in order that proper service may be made thereon.

Geswein and Krakora both also argue that the Complaint is deficient because the SEC has not identified specific practices that violate provisions of Generally Accepted Accounting Principles ("GAAP").

The Motions of Geswein and Krakora were fully briefed and referred to the Magistrate

Judge for a Report and Recommendation.  The Magistrate Judge issued the Report and Recommendation on August 5, 2011.  On September 2, 2011, Geswein, Krakora and the SEC filed their Objections, with leave of Court; and the respective Responses were filed on September 19, 2011.

On August 18, 2011, Geswein and Krakora moved for reconsideration of the Magistrate Judge's Report and Recommendation in light of the recent United States Supreme Court decision in *Janus Capital Group, Inc. v. First Derivative Traders*, __ U.S. __, 131 S.Ct. 2296 (2011).  The referral to the Magistrate Judge was terminated upon the issuance of the Report and Recommendation.  Thus, the request to reconsider is untimely.  In addition, while the Magistrate Judge Act, 28 U.S.C. § 631, *et seq*. and the Rules of Civil Procedure authorize *de novo* review by the district court of timely objections, "it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Therefore, the issue of the applicability of *Janus* to the SEC Complaint against Geswein and Krakora is waived.  Defendants' Motion for Reconsideration (ECF DKT #44) is denied.

Upon consideration of the Report and Recommendation, the Objections and the Responses, the Court rules as follows:

As to the first and second counts, the Court finds the Complaint meets the particularity requirements of Rule 9(b).  The allegations, though poorly drafted and requiring the Court to glean from a hundred paragraphs of facts the necessary elements of fraudulent conduct, do sufficiently identify the speakers, state where and when statements were made, explain why the statements were fraudulent, and give rise to a strong inference of scienter.

The Court disagrees with the Magistrate Judge's finding that any claims for civil penalties against Geswein and Krakora, based on conduct occurring prior to June 2, 2004, are not actionable as time-barred under 28 U.S.C. § 2462.  Equitable tolling, encompassing the discovery rule, the fraudulent concealment doctrine and the continuing violations doctrine, operates, in favor of the SEC, to extend the limitations period.  Where there are unresolved issues of fact concerning application of equitable tolling, it would be premature to dismiss.  Regardless of equitable tolling, to the extent that the SEC seeks to enjoin Krakora and Geswein from violating or aiding and abetting the violation of securities laws, or an order directing them to disgorge profits to remedy an alleged past wrong and protect the public from future harm, Section 2462 does not apply.

The Motions to Dismiss the third and fourth counts are denied.  The Court finds that the SEC has sufficiently alleged violations of Section 13(b)(5) and Rule 13b2-1 against Geswein and Krakora.  The SEC has also sufficiently alleged violations of Rule 13v2-2 against Geswein and Krakora.

The fifth count also survives because the SEC has the authority to bring an enforcement action under Rule 13a-14, and has sufficiently alleged violations of that Rule against Geswein and Krakora.

The aiding and abetting claims in counts six and seven are not deficient; and the allegations satisfy the necessary elements, by showing the existence of a securities law violation by the primary party; knowledge of the violation on the part of the aider and abettor; and substantial assistance by the aider and abettor in accomplishing the violation.

The eighth count concerns Section 304 of the Sarbanes-Oxley Act of 2002, 15 U.S.C.

§ 7243. Section 304 requires that, if Diebold had to prepare an accounting restatement because of its material noncompliance with financial reporting securities laws, and if that noncompliance was caused by Diebold's misconduct, then the CEO or CFO must provide certain reimbursements to Diebold. The Complaint sufficiently states that claim. Geswein and Krakora argue Section 304 is unconstitutional as violative of the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. Statutes are entitled to a presumption of constitutionality. Defendants have not demonstrated that Section 304 is unconstitutional on its face. The determination of whether it is constitutional as applied requires factual development. The Motions to Dismiss the eighth count are denied.

Because the SEC shall be permitted to conduct relevant discovery to show a reasonable and substantial likelihood that Geswein and Krakora will engage in future securities violations, their Motions to Dismiss are denied with regard to the remedies of injunctive relief and/or disgorgement.

A full Opinion and Order will issue at a later date.

**IT IS SO ORDERED.**

**DATE: September 29, 2011**

                                              s/Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**