**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES SECURITIES** | ) | **CASE NO. 5:10CV1235** |
| **AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **GREGORY GESWEIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      Before the Court is Defendant Sandra Miller's ("Miller") Motion to Certify Order for

Interlocutory Appeal filed on April 4, 2014.  (ECF DKT #121).  On April 17, 2014, Plaintiff

United States Securities and Exchange Commission (the "SEC") filed its Opposition to that

motion.  (ECF DKT #124).  Miller filed her reply on April 28, 2014.  (ECF DKT #125).  The

parties have timely filed these documents, and the matter has been fully briefed.

      For the reasons stated below, the Court DENIES Defendant Miller's Motion to Certify

Order for Interlocutory Appeal.

### I. PROCEDURAL BACKGROUND

      The SEC filed this action against Gregory Geswein, Kevin Krakora, and Sandra Miller

on June 1, 2010; its First Amended Complaint on June 29, 2010; and its Second Amended

Complaint (ECF DKT #77) on February 24, 2012. On March 16, 2012, Miller filed her

Motion to Dismiss the Second Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) and

FED. R. CIV. P. 9(b), (ECF DKT #80), and supplemented that motion on April 19, 2013, with a Motion to Dismiss based on the Supreme Court's ruling in *Gabelli v. SEC*, 564 U.S. ___, 133 S. Ct. 1216 (2013), and *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. ___, 131 S. Ct. 2296 (2011). (ECF DKT #110). The Court denied Miller's Motion to Dismiss, with the exception of the SEC's concession as to its 15 U.S.C. § 77q(a)(2) claim against Miller. (Order (ECF DKT #104)); (Order & Opinion (ECF DKT #119)). In response, Miller filed the present Motion to Certify Order for Interlocutory Appeal the Court's denial of her Motion to Dismiss on the SEC's 15 U.S.C. 77q(a)(1) and (3) claim and 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 claim.

## II. FACTUAL BACKGROUND

Defendant Miller is a Certified Public Accountant who served as Diebold, Inc.'s Director of Corporate Accounting from 2002 to 2006. The SEC claims that, in this role, Miller manipulated Diebold's accounting, inflated Diebold's revenues or earnings, and violated applicable securities laws governing internal controls and the keeping of accurate and truthful books and records. (Pl.'s Opposition at 2). Namely, the SEC alleges that Miller **(1)** violated 15 U.S.C. § 77q(a); **(2)** violated 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; **(3)** aided and abetted Diebold's violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; **(4)** violated 15 U.S.C. § 78m(b)(5) and 17 C.F.R. §§ 240.13b2-1; **(5)** aided and abetted Diebold's violations of 15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-12, 240.13a-2, 240.13a-11, and 240.13a-13; and **(6)** aided and abetted Diebold's violations of 15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B).

In a related private class action case, *La. Mun. Police Emp. Ret. Sys. v. KPMG*, No.

1:10cv01461, 2012 U.S. Dist. LEXIS 124082, at *14-15 (N.D. Ohio Aug. 31, 2012), Judge

Pearson found that the plaintiffs did not sufficiently allege scheme liability under 15 U.S.C. §

78j(b) and 17 C.F.R. § 240.10b-5, and dismissed those claims as to Miller.  As in the present

case, the Court ruled that the Complaint alleging scheme liability requires allegations of

deceptive conduct that go beyond any alleged misstatements.  (Order & Opinion at 7); *KPMG*,

2012 U.S. Dist. LEXIS at *11-12.  Since the Court held that the SEC's Complaint in its public

action case against Miller sufficiently alleged scheme liability, (Order & Opinion at 10),

Miller seeks an interlocutory appeal, asserting that this result conflicts with Judge Pearson's

ruling as to "the same parties and . . . the same facts."  (Def.'s Mot. to Certify Order for

Interlocutory Appeal at 3).

> Specifically, Miller seeks to have the Sixth Circuit answer:
>
> Whether the allegations in the SEC's Second Amended Complaint are sufficient to state a scheme liability claim against Defendant, Sandra Miller, upon which relief may be granted under [15 U.S.C. 77q(a)(1) and (3), 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5(a) and (c)], where the allegations that support those claims revolve around alleged misstatements.

 (Def.'s Mot. to Certify Order for Interlocutory Appeal at 3).

### III. LAW AND ANALYSIS

Under 28 U.S.C. § 1292(b), a District Judge has discretion to certify a non-final order

for an interlocutory appeal  if the judge believes the petitioner has adequately shown that:

> (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of litigation.

*In re Allstate Ins. Co.*, 2010 U.S. App. LEXIS 27325, *1 (6th Cir. 2010) (citing 28 U.S.C §

1292(b) and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974))
(quotations omitted). Although discretionary, "review under § 1292(b) should be sparingly
granted and then only in exceptional cases." *In re Allstate*, 2010 U.S. App. LEXIS at *2
(citing *Kraus v. Bd. of County Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir.
1966)). Thus, "doubts regarding appealability . . . [should be] resolved in favor of finding that
the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th
Cir. 1995) (citation omitted).

**A.     Miller's Proposed Question for Appeal is a Question of Law.**

It is undisputed, and the Court finds, that whether the SEC's claims are sufficient
"where the allegations that support those claims revolve around alleged misstatements" is a
question of law. (Def.'s Mot. to Certify Order for Interlocutory Appeal at 3); (Pl.'s
Opposition at 5) (recognizing Miller's question for appeal as an "abstract legal question").

**B.     Miller's Proposed Question for Appeal is Not Controlling.**

A question of law is controlling if it "could materially affect the outcome of the case,"
*In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002), such as when "reversal of the
District Court's Order would terminate the action." *Howe v. City of Akron*, 789 F. Supp. 2d
786, 810 (N.D. Ohio 2010) (citation omitted).

Miller's proposed question for appeal–whether the SEC's claims are sufficient "where
the allegations that support those claims **revolve around alleged misstatements**"–is
markedly different from the legal standard employed by the Court in both this case and
*KPMG*. (Def.'s Mot. to Certify Order for Interlocutory Appeal at 3) (emphasis added). In
both cases, the Court required the plaintiff to allege "**conduct beyond misstatements** . . . [in]

the form of actions or statements that were independently deceptive or fraudulent" to sustain

scheme liability claims.  (Report and Recommendation at 33-34 (ECF DKT #36)) (citation

omitted) (emphasis added); (Order Adopting Report and Recommendation at 10 (ECF DKT

#62)); and *KPMG*, 2012 U.S. Dist. LEXIS at *12.  Since the requirement for the plaintiff to

plead conduct that goes "beyond misstatements" is a higher standard than merely requiring

the plaintiff to plead conduct that "revolve[s] around misstatements," the answer to Miller's

proposed question would have no bearing on the sufficiency of the SEC's allegations under

the standard that the Court actually employed.  Thus, as the answer to Miller's proposed

question is irrelevant to this case, the Court finds that Miller's proposed question is not

controlling.

**C.      Miller Fails to Show Substantial Ground for Difference of Opinion Necessitating an Interlocutory Appeal.**

To show a substantial ground for difference of opinion under 28 U.S.C. § 1292(b),

Miller must illustrate that:

> (1) the question is difficult, novel and either a question on which there is little
> precedent or one whose correct resolution is not substantially guided by
> previous decisions; (2) the question is difficult and of first impression; (3) a
> difference of opinion exists within the controlling circuit; or (4) the circuits are
> split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted).  "The 'substantial

ground' requirement has been characterized as a genuine doubt or conflicting precedent as to

the correct legal standard."  *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08cv361,

2009 U.S. Dist. LEXIS 33654 at *11-12 (W.D. Mich. April 21, 2009) (citation omitted).

Instead of addressing these factors in regard to the question Miller articulates as her

proposed question for appeal, Miller argues *Janus*'s effect on the sufficiency of scheme

-5-

liability claims.  (Def.'s Reply in Supp. at 4 (ECF DKT #125)).  Miller's argument rests on

what she believes are repugnant conclusions reached by the Court in two cases with what she

believes are the same facts.  *Id*. at 3.  Miller insists that these conclusions are different

because "the [Court] used a slightly different legal standard" in each case, omitting in ruling

on her Motion to Dismiss the SEC's scheme liability claims "a requirement that the conduct

be deceptive . . . independent of . . . the misstatement [conduct], based in part on *Janus*."  *Id.*

This, however, is not true because the Court *did* apply that standard in denying Miller's

Motion, (*See* Report and Recommendation at 34) (ruling that the SEC had to allege "actions

or statements that were independently deceptive or fraudulent" for scheme liability); and

(Order Adopting Report and Recommendation at 10), as the Court also did in *KPMG*.  *See*

*KPMG*, 2012 U.S. Dist. LEXIS at *12.

      Miller's argument, therefore, is not whether the Court applied the correct legal

standard, but whether the application of that legal standard to the facts of the case was correct

in light of what she believes are repugnant conclusions.  This argument fails, in two ways, to

illustrate that an interlocutory appeal is appropriate: (1) because "§ 1292(b) is not appropriate

for securing early resolution of disputes concerning whether the [District Court] properly

applied the law to facts," *Howe*, 789 F. Supp. 2d at 810 (citing *Link v. Mercedes-Benz of

North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977)); and (2) because the Court's

conclusions here and in *KPMG* are not repugnant.

      The different factual nature of the cases–a private action in *KPMG* and a public action

here–explains the different (<u>not repugnant</u>) conclusions reached by the Court in applying the

same standard.  First, the Court's conclusions are different because the standard for the

sufficiency of scheme liability allegations is applied flexibly in SEC cases, *see SEC v. Zandford*, 535 U.S. 813, 819 (2002) (citation omitted), but narrowly in private action cases. *See KPMG*, 2012 U.S. Dist. LEXIS at *9-10 (citing *Janus*, 131 S. Ct. at 2302 n. 6). Second, the Court's conclusions are different because, while the SEC is not required to prove reliance as part of its scheme liability allegations, *see SEC v. Blavin*, 760 F.2d 706, 711 (6th Cir. 1985), the fact that the private action plaintiff in *KPMG* could not prove reliance was a material factor in the Court's decision that the scheme liability allegations were insufficient. *See KPMG*, 2012 U.S. Dist. LEXIS at *14-15; and *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 159 (2008) (ruling that "reliance . . . is an essential element of the [scheme liability] private cause of action"). Thus, the Court finds that Miller has failed to show that the Court's conclusions here and *KPMG* suggest a substantial ground for difference of opinion.

**D.      Miller Fails to Show that Immediate Appeal Would Advance the Ultimate Termination of Litigation.**

An immediate appeal is said to advance the ultimate termination of litigation if it would "appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination." *Trimble v. Bobby*, No. 5:10cv14, 2011 U.S. Dist. LEXIS 54142 at *6 (N.D. Ohio May 20, 2011) (citing *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978)). However, "when litigation will be conducted in substantially the same manner regardless of [the Court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

Miller states that an interlocutory appeal would advance the ultimate termination of this case because it "would eliminate the most important . . . counts against her . . . and could possibly promote settlement."  (Def.'s Mot. to Certify Order for Interlocutory Appeal at 9). This argument fails, however, because (1) the irrelevance of the answer to Miller's proposed question is unlikely to result in the dismissal of those counts, and (2) the SEC asserts other substantially similar claims involving the same evidence as the scheme liability claims, such that the litigation would continue in substantially the same manner even if the interlocutory appeal were resolved in favor of the scheme liability claims being dismissed.  Thus, the Court finds that Miller has failed to show the interlocutory appeal would materially advance the litigation's ultimate termination.

## IV. CONCLUSION

For the forgoing reasons, the Court DENIES Miller's Motion to Certify Order for Interlocutory Appeal.

**IT IS SO ORDERED**

<u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated:  July 14, 2014